WENTWORTH T. CARTER *v.* STEPHEN R. BARTEK, JR.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 6—decided June 7, 1955

*Robert L. Fay,* for the appellant (defendant).

*Charles A. Watrous,* with whom were *William M. Stremlau* and, on the brief, *Richard C. Harpham,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff instituted this action to recover damages for the breach of an oral agreement of employment. The defendant has appealed from the judgment rendered upon a plaintiff's verdict. The questions posed on the appeal are whether the court was in error (1) in failing, upon motion, to direct a verdict for the defendant because of a variance between the allegations of the complaint and the proof as to the term of the agreement, and (2) in failing to set the verdict aside as excessive.

The complaint alleged that the defendant agreed to employ the plaintiff "for one year from February 2, 1953." The allegation as to the term of employment was put in issue by the answer. The defendant's contention is this: There was no evidence that

the parties had agreed upon a one-year term of employment; on the contrary, the only evidence pertaining to the length of employment was that it was to be on a permanent basis; accordingly, since this created a fatal variance between allegation and proof, the court should have directed a verdict for the defendant.

If the agreement between the parties provided for the permanent employment of the plaintiff, the defendant might have been legally justified in discharging the plaintiff, as he did, on August 21, 1953. In the absence of a consideration in addition to the rendering of services incident to the employment, an agreement for permanent employment is no more than an indefinite general hiring, terminable at the will of either party without liability to the other. *Fireboard Products, Inc.* v. *Townsend,* 202 F.2d 180, 182; *Adolph* v. *Cookware Co. of America,* 283 Mich. 561, 568, 278 N.W. 687; *Skagerberg* v. *Blandin Paper Co.,* 197 Minn. 291, 294, 266 N.W. 872; *Savarese* v. *Pyrene Mfg. Co.,* 9 N.J. 595, 600, 89 A.2d 237; *Arentz* v. *Morse Dry Dock & Repair Co.,* 249 N.Y. 439, 444, 164 N.E. 342; *Shealy* v. *Fowler,* 182 S.C. 81, 87, 188 S.E. 499; 35 Am. Jur. 460, § 24; notes, 35 A.L.R. 1432, 135 A.L.R. 646; see *Boucher* v. *Godfrey,* 119 Conn. 622, 627, 178 A. 655.

The weakness of the contention of the defendant as to the matter now under discussion is that he has culled from the plaintiff's testimony an isolated statement to the effect that the defendant said the employment "would be on a permanent basis." But he has thoughtlessly overlooked or deliberately ignored numerous bits of testimony indicating that the parties had not only discussed a one-year term of employment but had also incorporated it in their agreement. Thus, as disclosed by the evidence, the

defendant told the plaintiff that he, the defendant, had been advised by his physician to enter a tuberculosis sanatorium "for the next year"; the parties were to adjust the plaintiff's compensation at the "end of the first year"; the over-all compensation was predicated on $10,000 "for the year"; and the difference between that amount and what the plaintiff was to receive at the rate of $120 a week was to be paid "at the end of the year." The evidence was more than ample to warrant the jury in deciding that the term of employment was one year. The court was correct in refusing to direct a verdict on the ground of variance.

The remaining question raised by the defendant deals with the claim that the court erred in failing to set the verdict aside as excessive. The jury could reasonably have found these facts: The plaintiff was hired by the defendant to act for one year as manager of the latter's manufacturing plant in Wallingford. Their agreement provided that the defendant would pay the plaintiff $120 weekly and that, at the end of the first year of employment, the defendant would pay him a bonus. The plaintiff entered on his employment on February 2, 1953, and was discharged, without cause, on August 21, 1953. Between those dates he received $3480, representing compensation for twenty-nine weeks at the rate of $120.

The jury returned a verdict for the plaintiff to recover $3800. This amount was warranted by the loss experienced through the breach of the agreement. The plaintiff was entitled to recover damages equal to the balance of the stipulated salary for the term of his employment, less such an amount, if any, as he had earned, or by the exercise of due diligence could have earned, in some other employment. *Safford* v. *Morris Metal Products Co.,* 97 Conn. 650,

656, 188 A. 37. The burden of establishing a mitigation in the damages rested on the defendant. Ibid.; note, 17 A.L.R.2d 968, 978. It is, however, of no moment that the amount awarded exceeded what the plaintiff would have received at the weekly rate, had he continued to remain in the defendant's employ. The jury obviously accepted, as was their privilege, the testimony of the plaintiff that he was to receive a bonus at the end of the term. They appear to have discounted the amount of the bonus to which he testified, but that again was their privilege. Considering the damage to which the plaintiff was put by the breach of the agreement, including that which was due to the loss of the bonus, the jury were justified in returning their verdict for $3800, and the court was correct in refusing to set it aside as excessive.

There is no error.

In this opinion the other judges concurred.