GEORGE A. FISHER *v.* JOHN D. JACKSON

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 11—decided November 15, 1955

*Curtiss K. Thompson,* with whom was *John H. Weir,* for the appellant (defendant).

*Charles G. Albom,* with whom, on the brief, were *Nelson Harris* and *Joseph R. Apter,* for the appellee (plaintiff).

WYNNE, J. The plaintiff instituted this action to recover damages for the breach of an oral agreement of employment. The defendant has appealed from the judgment rendered upon a plaintiff's verdict. The questions presented are whether the court was in error in denying the defendant's motion to set the verdict aside on the ground that it is not supported on the issue of liability, and in denying the defendant's motion for judgment notwithstanding the verdict.

The substituted complaint alleged that the defendant, through his authorized agent, induced the plaintiff to give up his employment with a firm of bakers, where he was making $50 per week, and to enter upon employment as a reporter, for $40 per week, under

an oral contract that the employment would be for the life of the plaintiff or until he was physically disabled for work, with a yearly increase in salary of $5 per week. The defendant's contention is that there was no evidence that the parties had agreed upon such a contract. The defendant's claim is that the job under discussion was a permanent one rather than for a definite term and was terminable at will by either party.

In the absence of a consideration in addition to the rendering of services incident to the employment, an agreement for a permanent employment is no more than an indefinite general hiring, terminable at the will of either party without liability to the other. *Carter* v. *Bartek,* 142 Conn. 448, 450, 114 A.2d 923, and cases there cited.

The plaintiff was hired by the defendant's managing editor in January, 1944, and went to work as a reporter for the New Haven Register, a newspaper owned by the defendant. He was discharged on or about January 7, 1949. The contact between the parties began with a notice which was put in a trade magazine by the defendant, just prior to the admitted hiring of the plaintiff. That advertisement set forth that a "permanent position" as a reporter awaited an "all-around male newsman with experience on several beats and educational background that [would stand] up in a University city." The plaintiff wrote a letter in response to the advertisement and as a result was interviewed by the defendant's managing editor for about ten minutes and was thereafter hired. Whether or not the plaintiff was an "all-around newsman" with experience on several beats and with an educational background, however nebulous, that would stand up in a university city nowhere appears. The managing editor,

who was the only other party to the interview, was deceased at the time of the trial. The plaintiff, in his letter seeking an interview, had written that he was looking for a connection which, "in the event my services are satisfactory, will prove permanent." So it must be quite apparent that the significant thought expressed was in his mind during his brief interview with the defendant's managing editor. It seems clear to us that the negotiations amounted to nothing more than the hiring of a reporter for a job which was permanent in the sense that it was not a mere temporary place. The hiring was indefinite as to time and terminable by either party at his will.

There is no occasion to discuss at length the claim advanced by the plaintiff that special consideration moved to the defendant because the plaintiff gave up his job with the bakery firm. The plaintiff did no more than give up other activities and interests in order to enter into the service of the defendant. The mere giving up of a job by one who decides to accept a contract for alleged life employment is but an incident necessary on his part to place himself in a position to accept and perform the contract; it is not consideration for a contract of life employment. *Chesapeake & Potomac Telephone Co.* v. *Murray,* 198 Md. 526, 533, 84 A.2d 870; *Minter* v. *Tootle, Campbell Dry Goods Co.,* 187 Mo. App. 16, 28, 173 S.W. 4; *Adolph* v. *Cookware Co.,* 283 Mich. 561, 568, 278 N.W. 687.

The plaintiff argues that he suffered a detriment by giving up his job. To constitute sufficient consideration for a promise, an act or promise not only must be a detriment to the promisee but must be bargained for and given in exchange for the promise. *Lynas* v. *Maxwell Farms,* 279 Mich. 684, 688, 273 N.W. 315; *Edwards* v. *Kentucky Utilities Co.,* 286

Ky. 341, 346, 150 S.W.2d 916; *Heideman* v. *Tall's Travel Shops, Inc.,* 192 Wash. 513, 516, 73 P.2d 1323; Restatement, 1 Contracts § 75. In the present case, the plaintiff's giving up of his job at the bakery was not something for which the defendant bargained in exchange for his promise of permanent employment. Nowhere in the plaintiff's testimony does it appear that the defendant's agent even suggested that the plaintiff give up the job he had with the bakery firm, much less that the agent induced him to do so. It would thus appear that there was not even a semblance of a claim that the giving up of the plaintiff's job was consideration for any promise that may have been made by the defendant's agent.

Practice Book, § 234, provides that a trial court under certain circumstances can direct a judgment notwithstanding the verdict or order a new trial. We are faced with the question in the present case whether the court erred in not adopting one or the other of these alternatives. Under the rule, action upon a motion for judgment notwithstanding the verdict is, in part, postponed action upon a motion for a directed verdict. Accordingly, the first test to be applied to a court's action upon a motion for judgment notwithstanding the verdict is the determination whether a direction of the verdict in favor of the defendant would have been proper. On the evidence in the present case, there was no basis for a verdict in favor of the plaintiff.

Inasmuch as the contract of employment which was proved would not in any event warrant a judgment in favor of the plaintiff, even though the case were retried, the court should have directed judgment for the defendant notwithstanding the verdict. *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 421, 101 A.2d 491.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant notwithstanding the verdict.

In this opinion the other judges concurred.