[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issues raised are:
1) Whether defendant has in Count I of his counterclaim alleged facts necessary to state a legally sufficient cause of action for improper discharge. This Court answers in the negative.
2) Whether in Count II of the counterclaim, defendant has alleged facts necessary to state a legally sufficient cause of, action in promissory estoppel. This Court answers in the negative. CT Page 2014
3) Whether defendant has, in Count III, alleged facts necessary to state a cause of action for negligent representation. This Court answers in the affirmative.
4) Whether defendant has in Count IV of his counterclaim, alleged facts necessary to state a legally sufficient cause of action for breach of implied covenant of good faith. This Court answers in the negative.
5) Whether defendant has, in Count V of his counterclaim, alleged facts necessary to state a legally sufficient cause of action under CUTPA. This Court answers in the negative.
6) Whether defendant has in Count VI alleged facts necessary to state a legally sufficient cause of action for intentional infliction of emotional distress. This Court answers in the negative.
The following facts are alleged in the defendant's counterclaim.
On or about March 4, 1988 plaintiff, Mill's Pride, Inc., employed defendant, David Somers, as a project manager. Under the terms of the agreement defendant was to supervise the completion of a showroom to be constructed in Enfield, Connecticut, by August 1, 1988. Defendant was to be paid $100.00 per hour for time spent on the site and $50.00 per hour for travel time. Defendant commenced words and fulfilled his duties under the employment contract.
On April 10, 1988 plaintiffs unilaterally changed the scope of defendant's employment. On May 3, 1988, plaintiff terminated defendant's employment. There was no basis for this termination.
On February 14, 1989 plaintiff filed a four count complaint against defendant in the Superior Court of Tolland, Judicial District of Tolland at Rockville alleging that defendant breached the contract by failing or refusing to perform the services as agreed. On April 10, 1989 defendant filed his answer, together with a six count counterclaim. On April 18, 1989 defendant filed an amended answer and counterclaim. On September 19, 1989 defendants filed a revised six count counterclaim. On December 18, 1989 plaintiff filed a motion to strike all six counts of the counterclaim and accompanying memorandum of law. Defendant, on January 8, 1990 filed a response to plaintiff's motion to strike.
"The purpose of a motion to strike is to `contest. . . the CT Page 2015 legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief can be granted.'" Gordon v. Bridgeport Housing Authority, 208 Cnn. 161, 170 (1988) (quoting Conn. Practice Book Sec. 152). "[I]n passing upon a motion to strike a claim of failure to state a cause of action, we must take the facts alleged favorably to the pleader and view them in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." Schmidt v. Yardney Electric Corp., 4 Conn. App. 69, 74
(1985) (citing Amodio v. Cunningham, 182 Conn. 80, 83
(1980)). Nevertheless, "a motion to strike is the proper means of attacking a pleading that on its face is legally insufficient, although facts may indeed exist which, if properly pleaded would establish a cause of action upon which relief could be granted." Baskin's Appeal from Probate,194 Conn. 635, 640 (1984). Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike. Fortini v. New England Log Homes, Inc., 4 Conn. App. 132,135 (1985).
Defendant in Count I of his counterclaim alleges that he was improperly discharged from his employment.
"[C]ontracts of permanent employment, or for an indefinite term, are terminable at will." Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474 (1986). Employment of an indefinite duration may be legally terminated at any time by either party with or without cause. Somers v. Cooley Chevrolet Co., 146 Conn. 627, 629 (1959). "In the absence of a consideration in addition to the employment, an agreement for a permanent employment is no more than an indefinite general hiring, terminable at the will of either party without liability to the other." Fisher v. Jackson,142 Conn. 734, 736 (1955). "A promise of employment for an indefinite term but containing particular terms may create a binding unilateral contract, if the promise is in the form of an offer which is accepted by the employee. . . . `The offer must be definite in form and must be communicated to the' employee." Finley v. Aetna Life Casualty Co., 5 Conn. App. 394,409 (1985) (quoting Pine River State Bank v. Mettille,333 N.W.2d 622, 626 (Minn. 1983)). A common law cause of action in tort for discharge will lie "if the former employee can prove a demonstrably improve a reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Morris v. Hartford Courant Co.,200 Conn. 676, 678-79 (1986) (quoting Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475 (1980)) (emphasis in original). CT Page 2016
Defendant, in Count I of his counterclaim alleges that "[u]nder the terms of the employment agreement between defendant and Mill's Pride, Inc., defendant was responsible for supervising the completion of the Enfield Project by August 1, 1988." Plaintiff contends in its motion to strike that the project's completion date was indefinite, the project being capable of completion earlier or later, and the duration of the employment was also indefinite. The supervision of a project to be completed by August 1, 1988 is not the same as supervision of a project until August 1, 1988. Because the defendant has not alleged a definite term of employment, Count I of his counterclaim appears insufficient as a matter of law.
In Count II of the counterclaim, defendant alleges that he "expended considerable time, effort and money" in performance of his duties and did not seek or accept any other employment which would have interfered with his responsibilities to plaintiff. Plaintiff, in the memorandum of law accompanying its motion to strike, asserts that defendant failed to allege facts sufficient to enable defendant to recover under promissory estoppel.
 Under the law of contract, a promise is generally not enforceable unless it is supported by consideration. E. Farnsworth. Contracts (1982) Section 2.9, p. 89; A. Corbin Contracts (1963) Section 193, p. 188. This court has recognized, however, the "development of liability in contract for action induced by reliance upon a promise, despite the absence of common-law consideration normally required to bind a promisor; see Restatement (Second), Contracts Section 90 (1973)." Sheets v. Teddy's Frosted Foods, Inc., supra, 475; Hebrew University Assn. v. Nye, 148 Conn. 223, 232, 169 A.2d 641 (1961); see A. Corbin, supra, Section 194, p. 193. Section 90 of the Restatement Second states that under the doctrine of promissory estoppel "[a] promise which the promisor should reasonably expect to induce action forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect CT Page 2017 any reliance at all. E. Farnsworth, supra, Section 2.19, p. 95.
D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213 (1987).
"In approprate circumstances, such an agreement may arise when an employee, in reliance on an implied representation that the position will not arbitrarily be terminated, leaves his current employment, or otherwise acts in reasonable and significant reliance on the representation." Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 565 (1984). Implied representations that the employee would not be terminated without cause, together with the employee's reasonable and significant reliance thereon, will support an employee's cause of action under promissory estoppel for baseless termination. Finley v. Aetna Life 
Casualty Co., 5 Conn. App. 394, 415 (1985). "The mere giving up of a job by one who decides to accept a contract for alleged life employment is but an incident necessary on his part to place himself in a position to accept and perform the contract; it is not consideration for a contract of life employment." Fisher v. Jackson, 142 Conn. 734, 737 (1955).
Defendant alleges that he was employed by the plaintiff to supervise the completion of the construction project by August 1, 1988. Again, defendant does not allege that plaintiff contracted with defendant for a specified period of time; nor does defendant allege that plaintiff promised him that the employment was irrevocable; nor that defendant could only be discharged for "just cause". Because the defendant has not alleged the existence of a "clear and definite promise" by plaintiff, which is an essential element to recovery under promissory estoppel. Count II of the counterclaim is found to be legally insufficient.
In Count III of the counterclaim, defendant alleges that the representations and agreement made on behalf of the plaintiff were negligently made and that, by his reliance thereon, defendant was injured.
 This Court has long recognized liability for negligent misrepresentation. We have held that even an innocent misrepresentation of fact "may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." Richard v. A. Waldman Sons, Inc. 155 Conn. 343, 346, 232 A.2d 307 (1967); see also J. Frederick Scholes Agency v. Mitchell, 191 Conn. 353, 359, 464 A.2d 795 (1983); Johnson v. Healy CT Page 2018 176 Conn. 97, 102, 405 A.2d 54 (1978); Warman v. Delaney, 148 Conn. 469, 473, 172 A.2d 188 (1961); Boucher v. Valus, 6 Conn. Cir. Ct. 661, 665-66, 298 A.2d 238 (1972). The governing principles are set forth in similar terms in Section 552 of the Restatement Second of Torts (1979): "One who, in the course of his business, profession or employment. . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." See also Ultramares Corporation v. Touche, 255 N.Y. 170, 174 N.E. 441 (1931); Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275
(1922); W. Prosser W. P. Keeton, Torts (5th Ed. 1984) Section 107, p. 745.
D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 217-18 (1987).
"For purposes of a cause of action for negligent misrepresentation. . . [a] plaintiff need not prove that the representations were promissory. It is sufficient to allege that the representations contained false information." Id. at 218.
Defendant alleges that plaintiff made representations and agreement which it knew or should have known were false. Defendant alleges that the he relied on these representations to his detriment. Plaintiff contends that defendant failed to allege which representations were false, and how they were false and, therefore, the count is legally insufficient. The law does not require the level of specificity plaintiff posits. This Court concludes that defendant has alleged the requisite elements to state a legally sufficient cause of action.
In the fourth count of the counterclaim, defendant alleges that the termination of defendant's employment constituted a breach of the implied convenant of good faith.
The Supreme Court of Connecticut observed that
 Recently we have stated that although we endorse the principle of good faith and fair dealing in employment contracts, the purpose of such implied covenant is to fulfill the reasonable expectations of the parties. Magnan v. Anaconda CT Page 2019 Industries, Inc., supra. Where an employment contract is clearly terminable at will, however, a party cannot ordinarily be deemed to lack good faith in exercising this right. Id. Thus, absent a showing that the discharge involves an impropriety which contravenes some important public policy, an employee may not challenge a dismissal based upon an implied convenant of good faith and fair dealing. Id.
Carbone v. Atlantic Richfield Co., 204 Conn. 460, 470-71
(1987).
Because defendant's employment was terminable at will, he is required under Carbone Id. to allege that his dismissal was in contravention of an important public policy, in order to maintain a cause of action under breach of covenant of good faith. Defendant has not alleged the violation of a public policy. Accordingly, the facts alleged do not state a legally sufficient cause of action.
In the fifth count of the counterclaim, defendant alleges that plaintiff violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Section 42-110a et seq. by unilaterally changing the scope of defendant's employment.
Conn. Gen. Stat. Sec. 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. Sec. 42-110a(4) provides that:
 "Trade" and "commerce" means the advertising, the sale or rent or lease, the offering for sale or rent or lease or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.
"Although an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purposes of CUTPA." Kenter v. Nidec-Torin Corp., 662 F. Sup. 112 (D.Conn. 1987) (quoting Anderson v. E. J. Gallo winery, Civil No. H 85-295 (JAC) (D.Conn. Nov. 7, 1985) (slip op. ); see Banerjee v. Roberts, 641 F. Sup. 1093, 1108 (D.Conn. 1986) (employer-employee relationship does not fall within CUTPA).
Because an employment relationship is at the core of defendant's CUTPA claim, the facts alleged are insufficient CT Page 2020 to support a cause of action.
In the sixth count of the counterclaim, defendant alleges that plaintiff's conduct caused defendant to suffer emotional distress.
 The tort of intentional infliction of emotional distress has been recognized and Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 62, 480 A.2d 610 (1984), provides appropriate guidelines for determining whether a successful cause of action will lie. "In order for the plaintiff to prevail in a case for liability under. . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.
Peyton v. Ellis, 200 Conn. 243, 253-54 (1986).
Plaintiff argues that defendant's claim for infliction of emotional distress is legally deficient because he fails to allege severe emotional distress. Defendant, although not specifically alleging severe emotional distress, did allege that the emotional distress he suffered caused "a persistent state of anxiety, loss of sleep, fatigue, depression, and constant concern over the ability of his business to continue. . . and his ability to obtain future employment."
Although on balance, the defendant's allegation appear within the venue of this claim for emotional distress, these allegations must yield to the defendant's status as an employee at will of indefinite duration.
With respect to a claim for infliction of emotional distress "`[t]he rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.'" Peyton, 200 Conn. at 254 n. 5 (quoting Prosser Keeton, torts (5th Ed.) Section 12, p. 60). "`The conduct, although it would otherwise be extreme and outrageous, may be privileged under the circumstances. The actor is never liable, for example, where he has done no more CT Page 2021 than to insist upon his rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress.'" Id. at 254-55.
Under the facts as alleged the defendant's employment was, because of its indefinite duration, terminable at will by either party. Therefore, plaintiff was within its rights in discharging defendant, and cannot be held accountable for any resulting emotional distress suffered by the defendant. accordingly, the facts alleged are found to be legally insufficient to support a cognizable claim.
The plaintiff's motion to strike Counts I, II, IV, V and VI of the defendant's counterclaim is granted; the motion to strike Count III of the counterclaim is denied.
So Ordered: ARTHUR L. SPADA, J.