[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT CT Page 2138
The plaintiff's in this action are seven former employees of the defendant Primerica Corporation (Primerica) and are bringing this action in an attempt to recover certain payments to which they claim they are entitled under a Management Incentive Program (MIP) which they claim was in effect during their employment. The MIP was contained in a booklet which was distributed to the plaintiffs in their capacity as employees of Primerica.
On December 15, 1988 Primerica merged with Commercial Credit and shortly thereafter the plaintiffs were laid off. Each plaintiff had been a participant in the MIP during 1988 and claim that their performance as employees entitled them to benefits under the terms of the plan as set forth in the descriptive booklet.
Upon being laid off by Primerica, six of the seven plaintiffs signed separation agreements in which they promised not to sue Primerica or Commercial Credit with respect to any matters connected with their employment. At the time of their termination the plaintiffs received severance pay to which they were entitled by virtue of their employment contract. The severance pay to which they were entitled was payable in 52 weekly installments, or, at the written election of the employee, in a lump sum with a 20% discount factor. Primerica paid 100% of the severance pay in a lump sum although the plaintiffs had apparently never elected in writing to receive such payment in a lump sum rather than weekly.
The defendants have moved for summary judgment on the basis that there is no issue of material fact and that they are entitled to judgment in their favor as a matter of law. Essentially the defendants claim that the brochure describing the MIP does not give raise to a binding contract which entitles the plaintiffs to payments thereunder, but rather such payments are completely discretionary with the employer. Secondly, even if there was such entitlement, the plaintiffs have released their rights thereto by virtue of signing the separation agreement.
The plaintiffs oppose the defendants' motion on the basis that there are numerous areas in which factual issues exist. They claim that whether they are entitled to MIP benefits depends upon an interpretation of the handbook outlining benefits considering other writings, oral statements and past course of CT Page 2139 conduct all bearing upon the intention of the parties. As to the separation agreement, the plaintiffs raise five different grounds which they claim preclude entry of summary judgment in favor of the defendants.
Summary judgment is designed to dispose of cases in which there are no genuine factual issues and which should be disposed of without the necessity of a full dress trial. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375 (1969). "In passing on a defendant's motion for summary judgment, the trial court is limited to deciding whether an issue of fact exists, but in passing on that motion it cannot try that issue if it does exist." Ibid at p. 377.
The defendants ask the court to make a finding that there is no issue of material fact, that the handbook which outlines the MIP taken together with other writings noted by the plaintiffs, oral representations and course of conduct on the part of the parties, does not, as a matter of law, constitute an enforceable contract. In doing so the defendants glean from the manual certain language from which they argue that payment of benefits thereunder is not guaranteed and within the discretion of management.
However, whether an enforceable agreement existed between the plaintiffs and defendants cannot be determined by extracting certain words and phrases from the MIP manual, without regard or the totality of the circumstances including the fact that the program was in effect during 1988 and that the plaintiffs were participants. Under appropriate circumstances, statements made in employee handbooks may give raise to an express or implied contract between employer and employee. Magnan v. Anaconda Industries, Inc. 193 Conn. 558, 564 (1984).
The intention of the parties is to be determined by their words and acts along with the statements contained in the MIP manual. What those intentions were as to contractual commitments are questions of fact which must properly be left to the trier. Finley v. Aetna Life Casualty Co., 202 Conn. 190, 199 (1987).
As to the separation agreement, the plaintiffs cite five different reasons why they claim that the agreement is not enforceable to the extent that purports to release the defendants from liability to the plaintiffs for MIP payments. The first reason relied upon by the plaintiffs is that there exists a CT Page 2140 question of fact as to the validity of the agreements due to lack of consideration. Since the court agrees with the plaintiffs with respect to this claim, it is unnecessary to consider the remainder.
The validity of the separation agreement should be analyzed using basic contract principles. There must be an offer, an acceptance, consideration and mutuality. There must be a meeting of the minds.
According to the plaintiffs, upon termination they were presented with the agreement at issue and advised that it must be signed if they were to receive certain benefits including severance pay. It must be remembered, however, that the plaintiffs were already entitled to severance pay. The defendants claim that they received their severance in a lump sum, however, rather than over a 52 week period, and they were paid more than they were entitled to. The defendants also claim the plaintiffs received certain tax benefits, by virtue of this method of payment.
It is not at all apparent, however, that any such purported consideration was bargained for. The plaintiffs were entitled to a lump sum payment of severance pay if they so elected in writing which would be discounted by 20%. The defendants must establish that the plaintiffs signed the agreements in return or receiving tax savings and a 20% premium with respect to severance pay. See Fisher v. Jackson, 142 Conn. 734, 737-738 (1955).
According to the plaintiffs, they were told that they would get nothing if they did not sign the separation agreements, not that they would get 80% rather than 100% of their severance pay if they did not sign. Whether such factual scenario is supported by the evidence of course remains to be seen. At this point, however, it certainly appears to this court that there is a material factual issue as to whether the separation agreements are supported by adequate consideration.
The arguments set forth in the defendants' supplemental memorandum dated February 11, 1993 may well form the basis for their argument at trial that the consideration was "bargained for" but falls short of removing this issue from the realm of one of fact.
In light of the above, summary judgment in favor of the CT Page 2141 defendants is not appropriate in this case and accordingly, the defendants' motion is denied.
Bruce W. Thompson, Judge