[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action seeking to recover monetary damages as a result of the termination by the defendant of the employment relationship existing between the parties. The revised complaint alleges that the plaintiff was an employee of the defendant for some period of time and had job responsibilities which included a soft drink soda dispensing machine installed in the employee lounge of the defendant's store. The profits from the sale of soft drinks did not belong to the plaintiff, but were divided among the employees and the vending company. An employee of the defendant came to the defendant's store in order to question the plaintiff concerning cash register and soda machine shortages. The plaintiff claims that she was not advised, before questioning, that the purpose of the questioning was the defendant's suspicions of criminal conduct on her part, nor was she advised that she was not required to speak to the employee or that any statements made by her could be used in future civil and criminal litigation. The plaintiff further claims that the employee questioned her alone for over two and a half hours without permitting her to leave or rest. At the end of the questioning, the plaintiff signed a statement admitting to theft from the soda machine cash box and executed a promissory note. The following day the plaintiff was discharged.
The plaintiff further alleges that in the past she had borrowed and replaced sums from the soft drink sales that were allocated to employees. After her discharge, she wrote to the defendant disavowing her statement and promissory note and enclosing a check in the amount of $19.20 as the amount that should have been available for the use of the employees from the sale of CT Page 9608 soda.
The first count of the complaint, labeled "Violation of Public Policy", claims that the termination of the plaintiff's employment by the defendant is a violation of public policy on the grounds that it terminated the plaintiff on the basis of an improperly obtained confession and through misrepresentation and duress and without any warnings concerning the implication of a confession. The first count also claims that the defendant terminated the plaintiff after improperly obtaining a confession when the defendant knew that the funds involved were not funds belonging to the defendant. The second count is entitled "Breach of Express Contract" and is based upon the provisions contained in a handbook distributed to the plaintiff which sets forth procedures dealing with behavior of employees. The third count is entitled "Just Cause" in which the plaintiff alleges that the defendant, in writing and orally, promised incentives to employees, including career employment, and the defendant agreed not to terminate the plaintiff as long as job performance was satisfactory. The fourth count alleges a "Breach of Implied Covenant of Good Faith" and based upon the allegations of the preceding counts.
The defendant has moved to strike all counts of the complaint. The defendant moves to strike count one on the grounds that the allegations do not allege any violation of a statutory, constitutional or judicially conceived notion of public policy and that the plaintiff's reliance on an improperly obtained confession is not an improper reason for dismissal within the meaning of our cases. The defendant moves to strike the second count on the grounds that the employee handbook cannot constitute a contract and on the grounds that the plaintiff has failed to allege reliance upon the handbook. The defendant moves to strike the third count on the grounds that the allegations of promissory estoppel are not based upon a clear and definite promise upon which a party could reasonably rely. The defendant moves to strike the fourth count on the grounds that the plaintiff may not rely on the asserted covenant based solely upon an alleged discharge of that employee.
In the absence of a collective bargaining agreement or other express understanding regarding the duration of employment, ordinary employment relationships are viewed as contracts for an indefinite period and are therefore terminable "at will" by either the employer or the employee for any reason or for no reason. See e.g., National Protective Ass'n. of Steamfitters v. Cumming,179 N.Y. 315, 320-21, 63 N.E. 369 (1902); Somers v. Cooley Chevrolet CT Page 9609 Co., 146 Conn. 627 (1959); Fisher v. Jackson, 142 Conn. 734 (1955); Carter v. Bartek, 142 Conn. 448 (1955).
The common law employment "at will" relationship may be modified by acts of the employer which are sufficiently definite to establish an express contract between the parties, Finley v. Aetna Life Casualty Co., 202 Conn. 190 (1987), or which constitute a definite promise upon which the employee could reasonably have relied. See D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206 (1987); C.F. Murray v. Bridgeport Hospital,40 Conn. Sup. 56 (1984) (Cioffi, J.). In order to alter the common law employment "at will" relationship, it is necessary to demonstrate a deliberate substitution of an employment policy which must be based upon specific representations rather than expressions of intentions with regard to future employment. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. at 214-216. A contract of employment which is terminable at will cannot be transformed, by an implied in law obligation to terminate employment only for just cause. See, e.g. Magnan v. Anaconda Industries, Inc., 193 Conn. 558 (1984). Thus, an employer can terminate an employee even for a mistaken accusation because employment at will can be terminated for any reason or no reason at all. See, e.g. Morris v. Hartford Courant Co., 202 Conn. 676 (1986).
An employer, however, may not terminate an employee for a reason that would violate public policy or in an attempt to protect a violation of public policy. E.g. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980). In such cases, the employee must allege "some important violation of public policy", Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. at 475, and the court must "draw the line between claims that genuinely involve mandates of policy . . . and ordinary disputes between employee and employer" so as not to lightly impair managerial discretion. Id. at 477. In addition, a termination does not violate public policy it only incidentally affects public policy and the plaintiff prove that the employer's reason for discharging the employee contravenes public policy. Battista v. United Illuminating Co.,110 Conn. App. 486, 487-498, cert. denied 204 Conn. 82 (1982).
With respect to the first count of the revised complaint, the "reason" that the plaintiff was discharged was for "embezzlement". reason does not violate public policy nor is it an attempt to protect a violation of public policy. Thus, the plaintiff has not alleged a "demonstratively improper reason for dismissal, a reason impropriety is derived from some important violation of CT Page 9610 policy." Carbone v. Atlantic Richfield Co., 204 Conn. 460,467 (1987).
The complaint does not allege that there was an employment tract for a specified term and the court therefore infers that the employment relationship was an "at will" relationship. See Morris v. Hartford Courant Co., supra at 677. The court also views the first count complaint as alleging a claim for wrongful termination and not a claim for damages for unreasonable conduct of defendant in the termination process. See id. at 682. Accordingly, the motion to strike the first count of the Revised Complaint is hereby granted.
With respect to the second count of the complaint, the question of whether the parties intended a handbook to be part of a contract is a question of fact to be determined under the surrounding circumstances Carbone v. Atlantic Richfield Co., supra at 471-472. In the present case the revised complaint alleges that the handbook is attached as Exhibit A. In view of the fact that the parties have argued and briefed the present motion as though the handbook were part of the pleadings, the court has requested the plaintiff to file the handbook as part of the court record. The handbook expressly states, at page 27:
 "The information in this handbook is intended to acquaint associates with general policies, principles, and procedures. Nothing stated here represents a contractual commitment by the company concerning the terms of employment or other matters. Precision Lens Crafters considers itself free to act according to the best business judgment of its management staff and to change the policies, principles, and procedure described here at any time with or without notice."
In view of the above quoted provisions of the handbook it cannot reasonably be claimed that the handbook provides a basis for a contractual cause of action. Accordingly, the motion to strike the second count of the complaint is hereby granted.
The third count of the complaint alleges that the defendant made oral and written promises upon which the defendant relied and which created an agreement on the part of the defendant not to terminate the plaintiff as long as her job performance was satisfactory. The plaintiff further claims that her termination constituted a breach of that agreement. CT Page 9611
The court must construe the facts in the pleading in a manner most favorable to the nonmoving party and, if the facts provable under the pleadings support a defense or a cause of action, the motion to strike must fail. Roe v. Godou, 209 Conn. 273, 278
(1988). The issue is not whether the plaintiff will prevail trial, or even whether the plaintiff's claim can survive a motion for judgment. The issue is whether the facts which might be admitted into evidence under the complaint are sufficient to establish the cause of action. The issue is whether statements were made and whether those statements are sufficiently promissory so as to entitle the plaintiff to rely thereon. Such a determination may present questions of fact which must await further factual development. Accordingly, the motion to strike the third count of the complaint is denied.
The fourth count of the complaint alleges a breach of a covenant of good faith and fair dealing. Whether the defendant breached such covenants with respect to the claims asserted in the third count must accordingly await further factual development. Accordingly, the motion to strike the fourth count of the complaint is hereby denied.
Rush, J.