[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE #101)
The defendants Cover-It, Inc. J L Sales, Inc., W.B. Supply, Inc. and Brian Goldwitz have moved to strike the Ninth, Tenth, Eleventh and Twelfth Counts of the plaintiff's complaint.
The plaintiff has alleged that he entered into a written employment contract with each of the four defendants, and that the defendants breached the terms of that contract. In the Ninth, Tenth, Eleventh and Twelfth Counts, the plaintiff alleges that each defendant failed to register a trade name ("Cover-It Instant Garages, which is the name of a product that each of the defendants is involved with manufacturing and/or selling) with the West Haven Town Clerk as required by Connecticut GeneralStatutes § 35-1 in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a
et. seq., thereby causing the plaintiff to sustain damages.
The standard for granting a motion to strike is well settled. The court must take as true the facts alleged in the plaintiff's CT Page 4092 complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. Sassone v. Lepore,226 Conn. 780 (1993). A motion to strike admits all facts well pleaded. Practice Book § 10-39.
If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Faulkner v.United Technologies Corp. , 240 Conn. 576, 580 (1997). Moreover, what is necessarily implied in an allegation need not be expressly alleged. Clohessy v. Bachelor, 237 Conn. 31, 33 n. 4, (1996).
The plaintiff argues that the defendants' practice of doing business under a fictitious trade name, as alleged, is a per se violation of CUTPA pursuant to Connecticut General Statutes
§ 35-1, and thus, Counts Nine, Ten, Eleven and Twelve properly allege a claim upon which relief may be granted. The defendant claims that CUTPA does not apply to employer-employee relationships, and that Counts Nine, Ten, Eleven and Twelve should be stricken.
Connecticut General Statutes § 35-1 does not provide for an independent cause of action, but rather, states that failure to comply with the requirements of Section 35-1 "shall be deemed to be an unfair or deceptive trade practice under subsection (a) ofConnecticut General Statutes 42-110b."
Connecticut General Statutes 42-110b (a) provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Connecticut General Statutes § 42-110a (4) provides that:
 "Trade" and "commerce" means the advertising, the sale and rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real or personal or mixed, and any other article, commodity, or thing of value in this state."
"Although an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not in itself trade or commerce for the purposes of CUTPA."Kintner v. Nidec-Torin Corp. , 662 F. Sup. 112, 113 (D. Conn. 1997). The Court held that actions by an employer either during the employer-employee relationship, or acts designed to CT Page 4093 create that relationship are outside CUTPA's purview. Id. The employer-employee relationship does not fall within the definition of trade or commerce for the purpose of an action under CUTPA. Quimby v. Kimberly Clark Corporation,28 Conn. App. 660, 670, (1992).
Accordingly, the defendant's motion to strike Counts Nine, Ten, Eleven and Twelve of the plaintiff's complaint, is hereby granted.
THE COURT
ARNOLD, J.