Lewis Somers *v.* The Cooley Chevrolet Company, Inc., et al.

Daly, C. J., Baldwin, King, Murphy and Mellitz, Js.

Argued June 3—decided July 14, 1959

*T. Holmes Bracken,* for the appellants (defendants).

*Curtiss K. Thompson,* with whom, on the brief, was *William M. Mack,* for the appellee (plaintiff).

MELLITZ, J. This action, in two counts, was brought to recover a balance claimed to be due for services rendered by the plaintiff to the defendants, four corporations. The first count sought recovery on an express contract, and the second on quantum meruit. The plaintiff had judgment on the second count alone, and the defendants have appealed.

The court found the following facts, which are not subject to correction. The defendants are automobile agencies engaged in business in or near New Haven. J. J. Cooley is the controlling stockholder, and president and treasurer, of each corporation. The plaintiff was employed by the named defendant in 1946 as its general manager. In this capacity he also supervised the operations of the other defendants, which were regarded as branches of the named defendant. His earnings gradually increased from $15,150 in 1947 to $20,000 in 1950. In 1951, he was dissatisfied with the amount of his compensation and on several occasions told Cooley that he wanted a profit-sharing arrangement. Cooley informed him that the branches were not set up in such a way as to permit a profit-sharing plan but that he could be sure of—was guaranteed—$25,000 a year, and could earn more. Similar statements were made by Cooley on other occasions. No issue exists as to his authority to make them on behalf of the defendants. On one occasion, the plaintiff asked that his compensation at the guaranteed rate be paid him in monthly instalments, and Cooley replied that he wanted to withhold part of the money until the end of the year in order to be able to apportion the charge among his several corporations in the way most beneficial to him in connection with income taxes. In 1951, 1952 and 1953, the plaintiff was paid $1000 per month and an additional sum at the end

of each year; his earnings were $30,500, $25,000 and $28,000, for those years. In 1954, the plaintiff considered entering business on his own account. To dissuade him from doing so, Cooley offered him a profit-sharing plan. The plaintiff, however, terminated his employment on October 15, 1954. For his services to the defendants in that year, he was paid $1000 per month during the first nine months and $500 for half of October.

The plaintiff claims that he was entitled to compensation at the rate of $25,000 per annum, that between January 1 and October 15, 1954, he earned $19,791.63, and that, after the $9500 which he received for that period is credited, a balance of $10,291.63, plus interest, remains due to him. The defendants claim that the plaintiff was chargeable with a wilful and unjustified abandonment of contract and consequently could not recover further for his services. They do not dispute, however, that there was no specific agreement in effect for the plaintiff's services in 1954. The trial court concluded that his employment in 1954 was under an indefinite general hiring which was terminable at the will of either party. This conclusion is amply supported by the subordinate facts. The plaintiff's employment was indefinite as to duration, and either party could have legally terminated it at any time with or without cause. *Boucher* v. *Godfrey,* 119 Conn. 622, 627, 178 A. 655; 1 Williston, Contracts (3d Ed.) p. 119. There was therefore no abandonment of contract.

The principal point pursued by the defendants is that there was no basis for a recovery on quantum meruit under the second count because there was no proof of the amount of work performed by the plaintiff for each defendant, or proof of the reasonable

value of the services he rendered. It is clear that the plaintiff's services to the branch corporations were, to a large extent, consultative and their value was not to be measured primarily by the amount of time actually spent by the plaintiff. The findings were that as over-all manager of the named defendant, the plaintiff was in complete charge of its operations, particularly of hiring, training and making sure that all departments were running right, and that he did work for the branch corporations in training all of their salesmen, in conferring with their managers as problems arose, in determining questions of policy, in holding meetings with their managers constantly, and in occasionally visiting the branches to straighten out personnel or policy problems. These findings concerning the services rendered by the plaintiff were unchallenged, and they furnished ample basis for a recovery on *quantum meruit*. As to the value of the services, the plaintiff himself testified that in his opinion they were reasonably worth from $20,000 to $30,000 a year— in fact, at least $25,000 a year. He was qualified to testify and to estimate the value of his services. 3 Wigmore, Evidence (3d Ed.) p. 47; *Rizzo* v. *Cunningham,* 303 Mass. 16, 25, 20 N.E.2d 471; *Builders Steel Co.* v. *Commissioner of Internal Revenue,* 179 F.2d 377, 380. His testimony as to their value was a sufficient basis for the court's finding that their fair and reasonable value, from January 1, 1954, to October 15, 1954, was $19,791.63.

There is no error.

In this opinion the other judges concurred.