[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Defendant moves to strike Counts One and Three of the plaintiffs' complaint on the grounds that they are legally insufficient because the plaintiffs have alternative statutory remedies available by which their complaints may be addressed.
The claims alleged in Counts One and Three both deal with the termination of the respective plaintiffs' employment by the defendant as truck drivers. The plaintiff Gerard Grady was allegedly terminated because he reported illness and inability to work and the plaintiff Arline Grady on the grounds that her husband refused to work because of the aforementioned illness.
The plaintiffs claim that such action on the part of the defendant was in violation of public policy and constituted a wrongful discharge as to both plaintiffs.
Historically, an employer's general right to terminate an employee at will has been recognized by our courts. Somers v. Cooley Chevrolet Co. 146 Conn. 627, 629 except in situations where, as expressed in Sheets v. Teddy's Frosted Foods, Inc.179 Conn. 471, 477, "employees without the bargaining power to command employment contracts for a definite term are entitled to a modicum of judicial protection." This observation led to the establishment of the principle that "public policy imposes some limits on unbridled discretion to terminate the employment of someone hired at will." Sheets, supra, 476. However, such protection should be limited to those cases where "The compliance was otherwise without remedy and that permitting the discharge to go unaddressed would leave a valuable social policy to go unvindicated." Atkins v. Bridgeport Hydraulic Company, 5 Conn. App. 643, 648. If there is a remedy available for pursuing such claims of wrongful discharge, those must CT Page 4780 first be pursued before asserting a private cause of action. Napoleon v. Xerox Corp. 656 F. Sup. 1120, 1125. This is the thrust of defendant's motion.
In this matter the defendant claims that the plaintiffs are protected by federal legislation which provides that in situations where the employee claims discriminatory conduct on the part of the employer or termination on grounds of refusal to work because of a claimed health hazard to the employee. There are remedial avenues available through which reinstatement and compensation may be pursued.
This court concludes that neither of the remedies cited by the defendant, 49 U.S.C. § 2305 and 29 U.S.C. § 651, are available as to these plaintiffs as 49 U.S.C. § 2305 applies to the operation of a vehicle which is unsafe and a perceived hazard and 29 U.S.C. § 651 refers to a hazardous condition at the workplace. The allegations in the instant case do not deal with either of these kinds of circumstances so would not be available as potential remedies for the complaints as alleged by the plaintiffs herein.
The Motion to Strike is denied.
GEORGE W. RIPLEY, JUDGE