[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT AS TO ISSUE OF EMPLOYMENT CONTRACT
On May 11, 1992, plaintiff Oliver G. McLean, filed a two count revised complaint against defendant Derby Savings Bank.
In the first count of the revised complaint, the plaintiff alleges that the defendant breached his employment agreement by failing to comply with its own corporate personnel policies, practices and procedures regarding the consideration of seniority in layoff and a right to job posting, progressive discipline and employee problem review procedures. Specifically, the plaintiff alleges that he was hired by the defendant on September 4, 1973 and was terminated on October 30, 1989 because of job elimination and a reduction in work force. The plaintiff also alleges that other people who also were discharged in the course of defendant's reduction in force and who had substantially less seniority were CT Page 5957 treated more favorably in that they were given the opportunity to transfer into other positions in the bank. The plaintiff further alleges that the defendant retained persons with substantially less seniority to perform functions that he once performed.
In count two of the revised complaint, the plaintiff alleges that the defendant promised to treat the plaintiff fairly during employment, to consider seniority when making staffing decisions during layoffs and to provide the plaintiff with progressive discipline and employee problem review procedures. The plaintiff alleges that he reasonably relied on the defendant's promises by foregoing the search for other employment opportunities.
The plaintiff claims money damages and such other legal and equitable relief as the court may deem appropriate.
On May 27, 1992, the defendant filed an answer and eight special defenses. The first special defense alleges that the plaintiff fails to state a claim for which relief can be granted. The second special defense alleges that the defendant has not violated any rights which may be secured to the plaintiff. The third and fourth special defenses allege that the plaintiff's claims are barred by the doctrines of res adjudicata and collateral estoppel. The fifth special defense alleges that the plaintiff is precluded from relying on certain statements that were not provided to him. The sixth special defense alleges that the plaintiff's claims are barred by the doctrine of estoppel. The seventh special defense alleges that the plaintiff has failed to mitigate damages. The eighth special defense alleges that the plaintiff's complaint, in whole or in part, is inter alia, frivolous.
The defendant has filed a motion for summary judgment, together with a supporting memorandum of law, claiming that there is no genuine issue as to any material fact and, that therefore, it is entitled to judgment as a matter of law. The memorandum is accompanied by affidavits, depositions and other available documentary evidence.
The plaintiff has filed a memorandum of law in opposition to the motion for summary judgment. Although the memorandum incorporates no affidavits it does provide other available documentary evidence. Both parties have supplemented their responses.
Any party may move for summary judgment. Practice Book 380. CT Page 5958 "A motion for summary judgment shall be supported by such documents as may be appropriate, including . . . affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Id. Once the moving party has presented evidence in support of its motion, the adverse party must also present evidence which shows the existence of some factual issue. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79,573 A.2d 699 (1990). Nevertheless, the absence of a counter-affidavit will not, in all circumstances, justify the granting of summary judgment. Nolan v. Borkowski, 206 Conn. 495, 505,538 A.2d 1031 (1988). Some courts will not grant summary judgment where the opposing party's inability to file an affidavit is obvious. Batick v. Seymour, 186 Conn. 632, 646, 443 A.2d 471 (1982). Furthermore, Practice Book 380 fails to contain any provision which states that if a party fails to comply with the rule regarding the filing of opposing affidavits, that party has consented to the granting of the motion. Pepe v. New Britain, 203 Conn. 281, 287, 524 A.2d 629
(1987).
The defendant advances two arguments in support of its motion for summary judgment. Firstly, the defendant argues that the plaintiff's claim for breach of contract should be dismissed because the plaintiff was employed at will and had neither an express nor an implied contract of employment. Specifically, the defendant argues that the plaintiff admitted that he had no contract, was expressly denied one and had no intention to be contractually bound. Furthermore, the defendant argues that since the plaintiff admitted at his deposition that he read and understood the disclaimer in the "Employee Procedures Manual", he was unmistakably on notice that his employment was at will and could be terminated at any time.
Secondly, the defendant argues that summary judgment should be granted, dismissing the plaintiff's promissory estoppel claim because the defendant made no promises of continuous employment to the plaintiff. Specifically, the defendant argues that the "policies, practices and procedures" on which the plaintiff claims to have relied to his detriment, are so vague and ambiguous that they fail to establish a definite promise of employment.
In his memorandum in opposition to the motion for summary judgment, the plaintiff argues that the defendant's motion should be denied due to several material facts in issue, the most important of which is whether the plaintiff admitted that he was employed at will. CT Page 5959
The plaintiff also argues that whether the defendant's "Employee Procedures Manual" gave rise to an express contract between the parties is a question of fact to be determined by a jury. Particularly, the plaintiff argues that since "mixed signals" in employee handbooks raise questions of fact about an employee's expectations, these signals should be presented to a jury.
This Court has reviewed the legal memoranda of the parties, their documentary attachments, the affidavits, as well as deposition excerpts relative to defendant's Motion for Summary Judgment. In addition, the Court has reviewed plaintiff's Memorandum of Law and Statement of Undisputed Facts in Opposition to Defendant's Motion for Summary Judgment. The findings and the ruling of this Court follow.
In March of 1985, plaintiff Oliver McLean obtained the title of Vice-President of Administration at Derby Savings Bank. As an officer, he was a member of the Cabinet of Derby Savings Bank. As Vice-President of Administration, the plaintiff supervised several departments, including the Department of Human Resources, as well as the Department of Personnel. The plaintiff's supervisory responsibilities included the proposal and overseeing the implementation of personnel policies and practices at the bank.
From June 1988 to about June of 1989 Great Country Bank made an effort to acquire and merge with Derby Savings Bank. During this period the President of Derby Savings Bank inquired of his cabinet officers whether they planned to seek employment elsewhere or wait to see whether Derby Savings Bank would be acquired. Plaintiff Oliver McLean stated that he would not look for employment elsewhere. The plaintiff understood that if Derby Savings Bank had been acquired, Great Country Bank would have had the option of terminating his employment.
In about June of 1989, the cabinet realized that Great Country Bank would not acquire Derby Savings Bank. At about that time the Cabinet discussed a reduction of the work force of Derby Savings Bank.
In October of 1989, the defendant terminated plaintiff's employment, informing him that the bank had eliminated his position as part of its cost control efforts. Plaintiff Oliver McLean acknowledges that prior to his termination he had sought but had not obtained a term contract of employment at the bank. He further CT Page 5960 acknowledges that four other bank employees had secured term employment contracts.
Defendant Derby Savings Bank issued several Procedures Manual Bulletins which are entitled "Procedures Manual". Defendant's Procedures Manual speaks to terms and conditions of employment.
Procedures Manual Bulletin No. 101, issued in September 1974 and revised in June of 1983 states in material part the following:
 It is understood that your employment may be terminated at any time at the option of either the Bank or yourself. It is also understood that no management representative has any authority to enter into any agreement for employment for any specific period of time.
By its express language Bulletin No. 101 addresses "[a]ll Employees". The Court finds that the language of this Bulletin applies to the plaintiff.
The Connecticut Supreme Court has held that representations in an employer's personnel manual "may give rise to an express or implied contract between [an] employer and [an] employee." (Emphasis added). Finley v. Aetna Life Casualty Co., 202 Conn. 190,198, 520 A.2d 208 (1987). Furthermore, the Appellate Court has opined that "[a]bsent specific contract language, whether there was a contract, and the terms of that contract, are questions of fact." Christensen v. Bic Corporation, 18 Conn. App. 451, 454 (1989). However, the Supreme Court also states in Finley that: "By eschewing language that could reasonably be construed as a basis for a contractual promise, or by including appropriate disclaimers of the intention to contract, employers can protect themselves against employee contract claims based on statements made in personnel manuals." Id. at 199, n. 5. Moreover, obtaining a term employment contract, after one has become an employee clearly requires new consideration. "In the absence of a consideration in addition to the rendering of services incident to the employment, an agreement for a permanent employment is no more than an infinite general hiring, terminable at the will of either party without liability to the other." Fisher v. Jackson, 142 Conn. 734, 736 (1955).
A review of the facts in this case discloses no credible evidence of an acceptance nor consideration for the establishment of a term employment contract between the plaintiff and the CT Page 5961 defendant. The evidence does disclose that the plaintiff was an employee at will whose employment could have been terminated at any time by himself or by defendant bank. Somers v. Cooley Chevrolet Co., 146 Conn. 627, 629 (1989).
The Court finds that the plaintiff's termination was resultant from the defendant's work force reduction policy and that the defendant's procedures for progressive discipline and employee problem review are inapplicable to his claims. The Court further finds that termination of the plaintiff's employment was not caused by a discriminatory use of defendant's seniority policy,[1] nor by a violation of any other provisions of defendant's personnel policies.
upon a review of the pleadings, affidavits, excerpts from depositions and other proof submitted, this Court finds no genuine issue as to any material fact in this controversy.
Accordingly, for the foregoing reasons and upon the foregoing authorities defendant's Motion for Summary Judgment is granted.[2]
CLARANCE J. JONES, JUDGE