[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE THE FIFTH COUNTOF THE COMPLAINT
On January 23, 1995, the plaintiff, Charles A. Clinton, filed an eight count complaint against the defendants ITT Hartford ("the Company") and ITT's president Lowndes A. Smith. The plaintiff filed claims for (1) breach of contract, (2) misrepresentation, (3) negligent misrepresentation, (4) wrongful discharge in depriving plaintiff of his 1991 cash incentive award, (5) wrongful discharge in retaliation for plaintiff's opposition to unethical practices, (6) tortious interference, (7) quantum meruit and (8) negligent infliction of emotional distress.
The plaintiff alleges the following. The plaintiff was employed by defendant ITT Hartford or its predecessor(s) in interest from June 24, 1968 until February 21, 1994, at which time his employment was involuntarily terminated. At the time the plaintiff was offered employment with the defendant ITT Hartford's predecessor, the plaintiff was informed that so long as he performed his job and remained loyal to the Company, his employment would be terminated only for cause. Notwithstanding his outstanding contributions and performance throughout the thirty-one years of his employment, on February 21, 1994, the plaintiff was summarily discharged from his employment with the Company under the guise of "reorganization," and the inability or "failure" of the Company to find a position for the plaintiff.
The complaint does not allege that there was an employment contract for a specified term. The court, therefore, must infer CT Page 4226-I from the complaint that the plaintiff-employee and the defendant-employer had an employment at will relationship, that is the plaintiff was hired for an indefinite period and his employment was terminable at the will of the defendant. See Somers v.Cooley Chevrolet Co., 146 Conn. 627, 629, 153 A.2d 426 (1959).
In count five of the plaintiff's complaint, the subject of this motion to strike, the plaintiff alleges the following: that in the fall of 1993, the plaintiff became aware of several situations in which it appeared that customers of the Company were being treated unfairly. In particular, that two customers complained that they were never told about the rearend loads associated with individual products they were sold to fund their retirement plans; that a woman with funds in a 457 deferred compensation program was convinced to withdraw those funds without regard to the tax or cost consequences in order to purchase an individual product; that the plaintiff became aware that a retirement plan sponsor with fiduciary responsibilities was allowed to purchase from the Company a CRC contract rather than a GRC contract which pays more in interest to the contract holder but less in commissions to the agent, leading the plaintiff to question the Company's fiduciary responsibilities; that the plaintiff brought these, and other concerns regarding the sales tactics being employed and whether customers were being properly served with Company's products, to the attention of senior management and the legal department.
The plaintiff also alleges that he complained to defendant Smith and the Company's legal department that the Company was hiding the fact that the reduction in investment management fees charged would be kept by the Company, and not passed along to the shareholders, notwithstanding that the shareholders were required to approve the Company's retention of the fee reduction; that the discharge of the plaintiff followed the plaintiff's complaints about these unethical and/or illegal actions, and his insistence that they be investigated and the plaintiff was terminated in retaliation for his opposition to these practices; that these practices are contrary to the public policy of the State of Connecticut; that the termination of the plaintiff's opposition to these practices is also contrary to the public policy of the State of Connecticut, and is wrongful. As a result of the wrongful termination of the plaintiff's employment, the plaintiff has sustained money damages including lost wages, benefits, loss of the 1991 Cash Incentive Award, consequential damages and impairment of earning capacity, as well as personal pain, anxiety and emotional distress. CT Page 4226-J
On February 6, 1995, the defendants ITT Hartford and Lowndes A. Smith filed a motion to strike count five of the plaintiff's complaint on the ground that it does not state a claim for retaliatory discharge under Connecticut statutes or common law. The defendants additionally moved to strike count eight of the plaintiff's complaint. The defendant's motion to strike count eight will not be considered, however, because the parties have agreed that count eight will be repleaded.
As required by Practice Book § 155, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition. "The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life CasualtyIns. Co., supra, 13 Conn. App. 211.
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988). "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541, 549-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471, 549 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." CT Page 4226-KMingachos v. CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368
(1985). The defendant argues in its memorandum in support of its motion to strike that "[c]ount five does not sufficiently state a claim for wrongful retaliatory discharge under Connecticut common law or statute." In opposition, the plaintiff contends that it has sufficiently pleaded a cause of action sounding in retaliatory discharge since he has alleged that specific practices and conduct of the defendant were unethical insurance practices which are contrary to the interests of policy holders and the Company's shareholders.
Our Supreme Court in Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 427 A.2d 385 (1980), "recognized, as have the vast majority of other courts, a common law cause of action in tort for discharges if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Internal quotation marks omitted.) Morris v. Hartford CourantCo., 200 Conn. 676, 679, 513 A.2d 66 (1986), quoting Sheets v.Teddy's Frosted Foods, Inc., supra, 179 Conn. 475. The Sheets
court was concerned about "the familiar common-law problem of deciding where and how to draw the line between claims that genuinely involve the mandates of public policy and are actionable, and ordinary disputes between employee and employer that are not." Sheets v. Teddy's Frosted Foods, Inc., supra, 179 Conn. 477. The court recognized "that the myriad of employees without the bargaining power to command employment contracts for a definite term are entitled to a modicum of judicial protection when their conduct as good citizens is punished by their employers." Id.
In Sheets, the court was specific when it held that where an employee alleges that he was dismissed in retaliation for his insistence that the employer comply with the requirements of a state statute, the employee has alleged a violation of public policy, sufficiently pleading a claim for wrongful discharge. Id., 480. TheSheets court declined to "decide whether violation of a state statute is invariably a prerequisite to the conclusion that a challenged discharge violates public policy. . . ." Id., 480. Nonetheless, the court in Sheets recognized that "public policy [in general] imposes some limits on unbridled discretion to terminate the employment of someone hired at will." Id., 476. Moreover, the Supreme Court in Morris v. Hartford Courant Co., 200 Conn. 676,513 A.2d 66 (1986), acknowledged the "inherent vagueness of the concept of public policy" and indicated that a violation could be based on a judicially conceived notion of public policy, CT Page 4226-L as well as on an explicit statutory or constitutional provision. Id., 680. The Morris court conceded that "it is often difficult to define precisely the contours of the [public policy] exception." Id.
A few Superior Courts have held that where an employee alleges sufficient facts to prove that his termination violated a certain public policy, without also alleging a violation of a state statute or a violation of a "judicially conceived notion of public policy," the employee plead sufficient facts to survive a motion to strike. See MacLean v. Northeast Province of the School Sistersof Notre Dame, 7 CSCR 471, 472 (March 31, 1992, Lewis, J.) (Motion to strike denied where plaintiff alleged that "her termination violated public policies of this state to preserve health and safety with respect to the use of drugs, and to safeguard the health and safety of patients.") See also Gallagher v. Hamilton,
Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 04 59 89 (October 18, 1994, Holzberg, J.) (Court denied defendant's motion to strike plaintiff's claim for retaliatory discharge finding that the discharging of employees in credit unions who according to union bylaws could only be discharged for cause violated public policy.)
In the present case, the plaintiff in count five has alleged that he complained to the defendant that he was concerned with the defendant's alleged breach of fiduciary duty concerning whether customers were being properly served with the Company's products. The plaintiff also complained to the defendant that the Company was keeping from shareholders the fact that management fees would be kept by the Company without the required approval of the shareholders. The plaintiff alleges that his discharge followed his complaints about these unethical and/or illegal actions, and that he was terminated in retaliation for his opposition to these practices.
In the court's opinion the plaintiff has alleged sufficient facts, which if proven, would support a finding of "a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Sheetsv. Teddy's Frosted Foods, Inc., supra, 179 Conn. 475. The court believes that it is important public policy of the State of Connecticut to prohibit insurance companies from engaging in practices which are contrary to the interests of its policy holders, and which amount to a breach of fiduciary relationship with the policy holder. It is, therefore the opinion of this court that the plaintiff has alleged sufficient facts, which, if proven, would support a CT Page 4226-M cause of action for wrongful termination.
Accordingly, the defendant's motion to strike the fifth count of the plaintiff's complaint is denied.