[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought this action to the small claims session seeking damages for wrongful termination of employment. Pursuant to § 572 of the Practice book, the matter was transferred to the regular docket where defendants, by way of special defense, claim that plaintiff was an employee at will subject to termination without regard to cause. In the alternative, defendants claim justification for the termination. This defense, however, appears to have been abandoned by the defendants in their memorandum of law.
After hearing, the court finds the following. During the month of February 1993, the defendants advertised in the local newspaper for a full time legal secretary. The plaintiff responded to the ad and over the course of the next two weeks, interviewed with defendants twice.
During the course of the interviews, various job related matters were discussed including defendants' dress code. Additionally, plaintiff was informed that, if hired, she would be replacing a legal secretary who was unaware of her forthcoming termination. Although plaintiff was not told the secretary's name, she was told of the need for confidentiality and discretion regarding this matter and defendants' business in general.
On or about March 21st, the plaintiff telephoned the defendants' office to ask if she was going to be hired. It was during this conversation with defendant, Pettinicchi, that plaintiff was informed that she was hired and was to commence work on April 12, 1993 at 8:30 a.m. She was also told that she would receive $9.30 per hour, would work 40 hours per week and would receive medical, dental and vision benefits. However, no mention was ever made or suggested as to the duration or length of employment. Again, the need for confidentiality and discretion were brought to her attention because the secretary being replaced had not been informed of her upcoming termination.
Plaintiff accepted the new position with defendants and quit her job, providing her employer with three weeks notice. CT Page 9373 Her last day of employment was April 9, 1993.
On or about April 1st, plaintiff called defendants' office to ask several questions regarding the new position. Unknown to her, the secretary answering her call was the person she would be replacing, who was still unaware of her forthcoming termination. In response to the secretary's inquiry, plaintiff indicated that she had some questions regarding her new job and requested that defendant Pettinicchi return her call. This revelation caused the secretary to assume that she or someone in the office was going to be fired and so disturbed her and the other legal secretaries that it upset the office operation.
Considering plaintiff's phone conversation a result of extremely poor judgment on her part because she failed to exercise that degree of confidentiality and discretion that defendants thought required by the situation, they decided to terminate her employment. On April 5, 1993, she was so informed.
Defendants contend that plaintiff was an employee at will and, as a result, her employment could be terminated at anytime.
Plaintiff, in recognition of this status, rests her claim for recovery on the doctrine of promissory estoppel.
Section 90 of the Restatement (Second) of Contracts provides that under the doctrine of promissory estoppel "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Cited in D'Ulisse-Cupo v. Board of Directors,202 Conn. 206, 213, 1987.
In her memorandum of law, plaintiff claims that "the defendants made representations to [her] which were sufficiently promissory and sufficiently definite to reasonably induce reliance on plaintiff's part. . . ." As further indicated by plaintiff, those representations were that she would commence work on April 2, 1993; that she would be paid $9.30 an hour; that a work week consisted of 40 hours; and that she would receive, as fringe benefits, certain insurance coverage. None of the representations made by or on behalf of the defendants contain even a suggestion of the duration of employment nor were CT Page 9374 representations made from which a term of employment can be reasonably inferred. Consequently, plaintiff's claim is unavailing.
Clearly, as defendants argue, the plaintiff was an employee at will. There was no promise to her that she was to be hired for a definite term, or that her employment was secured in any manner. Further, such contracts of employment for an indefinite term are terminable at will. Sheets v. Teddy's Frosted Foods,Inc., 179 Conn. 471, (1980), Somer v. Cooley Chevrolet Co.,146 Conn. 627, 629 (1959).
As an employee at will, plaintiff could have been terminated any time for any reason, other than a reason which would have been violative of public policy, see Sheets v.Teddy's Frosted Foods Inc., Id., and plaintiff makes no allegation that defendants violated public policy by terminating her. Therefore, defendants did nothing more than exercise a right accorded by law when they terminated plaintiff.
The court finds the issues for the defendants. Judgment will enter accordingly.
WEST, J.