[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTIONS FOR SUMMARY JUDGMENT #107 #108
CT Page 7241
On December 17, 1993, the plaintiff, Sara Bozzuto, filed a six count complaint against the defendants, Karen-Lee Holler, Academic Enterprises, Inc. and The Pelham Educational Group, Inc. The plaintiff alleges the following facts in the complaint.
The Pelham Educational Group, Inc. (Pelham) is a Connecticut corporation and a wholly-owned subsidiary of Academic Enterprises, Inc. (Academic), a Rhode Island corporation. Academic, through its subsidiary, Pelham, operates a business school in Hamden, Connecticut known as The Sawyer School. The plaintiff alleges that she was an agent, servant and employee of Pelham and Academic and that she worked at the Hamden school. During her employment, the plaintiff held the positions of Head Teacher for the Hamden school and Head of the Business Department for Pelham and Academic's Connecticut operations. In 1993, the president of Academic requested the plaintiff to apply for the position of director of Pelham's Connecticut operations. The plaintiff, because of personal reasons, declined this request.
In August of 1993, the plaintiff hired Holler as a teacher. On October 8, 1993, Pelham and Academic appointed Holler as director of their Connecticut operations. At this point, the plaintiff was now one of Holler's subordinates. According to the plaintiff, Holler then directed a series of actions towards the plaintiff designed to inflict severe emotional distress.
The plaintiff alleges that on October 28, 1993, Holler required the plaintiff to make all recommendations concerning graduation exercises in writing. Holler also ordered the plaintiff to sign an agreement requiring the plaintiff to comply with certain requirements which Holler knew or should have known could not be performed by the plaintiff at all times. According to the plaintiff, on November 2, 1993, Holler issued a written reprimand in which she falsely and without justification accused the plaintiff of notifying a student of the student's probationary status and filling out a school form at an inappropriate time. On November 5, 1993, Holler ordered the plaintiff to surrender her key to the school's book room. The plaintiff alleges that on November 8, 1993, Holler issued another written reprimand in which Holler accused the plaintiff of violating various unwritten rules of the school and ordered the plaintiff to cease involvement in evaluating teachers under the CT Page 7242 plaintiff's supervision. Holler also ordered the plaintiff to surrender her computer on November 8. According to the plaintiff, Holler required the plaintiff to furnish Holler with resumes of applicants for the positions held by the plaintiff. On November 17, 1993, Holler issued the plaintiff another written reprimand for eating in the lounge, violating company policies, insubordination, failure to follow instructions, and working on personal matters during business hours. On November 19, 1993, Holler removed the plaintiff from her position as Head Teacher. The plaintiff alleges that on November 22, 1993, Holler required the plaintiff to prepare and submit minutes of any meeting the plaintiff might have with teachers. On December 1, 1993, Holler placed the plaintiff on disciplinary probation because the plaintiff was uncooperative and brusque with students. Additionally, Holler threatened to terminate the plaintiff's employment on December 1.
According to the plaintiff, the above actions were extreme and outrageous and were willfully, wantonly and maliciously executed. Because of these actions, the plaintiff alleges that she has suffered extreme emotional distress, and, therefore, alleges such a cause of action against Holler, Pelham and Academic in counts one, two and three, respectively.
In the fourth count of the complaint, the plaintiff alleges that Holler executed her actions for her own personal benefit and in bad faith for the purpose of inflicting injury upon the plaintiff. Accordingly, the plaintiff alleges a cause of action for tortious interference with the plaintiff's business, contractual and economic expectations. Additionally, in the fifth and sixth counts, the plaintiff alleges that she possessed a contract of continued employment with Pelham and Academic and that these defendants have breached this contract.
On August 23, 1996, Holler filed a motion for summary judgment requesting the court to enter judgment in her favor on counts one and four of the complaint. In support of her motion for summary judgment, Holler filed her affidavit, various written complaints and written warnings filed against the plaintiff concerning her employment, an uncertified copy of the plaintiff's deposition transcript, and two copies of superior court cases.
On August 27, 1996, Academic and Pelham filed a motion for summary judgment requesting the court to enter judgment in their favor on counts two, three, five, and six of the plaintiff's CT Page 7243 complaint. In support of their motion for summary judgment, these defendants filed an uncertified copy of the plaintiff's deposition transcript, copies of documentation concerning the plaintiff's employment performance, Holler's affidavit, and copies of various superior court decisions.
On October 7, 1996, the plaintiff filed a memorandum of law in opposition to the defendants' motions for summary judgment, with an uncertified copy of her deposition transcript and copies of documentation concerning the plaintiff's employment.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barrett v. Danbury Hospital, 232 Conn. 242, 250 (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. DickmontPlastics Corp. , 229 Conn. 99, 105 (1994).
 Counts One, Two and Three: Intentional Infliction of Extreme Emotional Distress
The plaintiff alleges a cause of action of intentional infliction of extreme emotional distress in counts one, two and three. The defendants argue that the court should grant their motions for summary judgment as to these counts because their actions were not extreme and outrageous. The plaintiff argues that a genuine issue of material fact exists as to this issue.
"In order for the plaintiff to prevail in a case for liability under the intentional infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Petyan v. Ellis, 200 Conn. 243, 253 (1986).
Holler avers in her affidavit that she merely issued three CT Page 7244 written warnings to the plaintiff for "poor or otherwise unsatisfactory and inadequate job performance." According to the defendants, Holler, as the plaintiff's supervisor, was merely setting forth rules and regulations that applied to the plaintiff and reprimanding the plaintiff for failure to follow these rules. The defendants contend that, as the plaintiff's employer, they are permitted to take such disciplinary actions against their employees. Therefore, the defendants argue that even if the plaintiff's allegations are true, the defendants' actions do not rise to the level of extreme and outrageous behavior.
The plaintiff, in opposition to the defendants' motions for summary judgment, submitted her deposition transcript which describes many instances where Holler directed certain disciplinary actions towards the plaintiff. To establish extreme and outrageous conduct, the plaintiff must demonstrate that the defendants engaged in "conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." DeLaurentisv. New Haven, 220 Conn. 225, 267 (1991). "[I]t is the intent to cause injury that is the gravamen of the tort. . . ." Id. "It is well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Nolan v. Borkowski, 206 Conn. 495,505 (1995). Moreover, this court has already held that "[w]hether an actor's conduct is sufficiently extreme and outrageous to impose liability is one for the jury to decide."Murasky v. Thomson Newspapers, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292286 (October 27, 1993, Freedman, J.). "`Although the plaintiff's allegations may not arise to the level of extreme and outrageous conduct required, the court finds that this is a question for the trier.'" Id., quoting Szczepanik v. Northeast Utilities Service Co., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 419782 (August 11, 1986, Arena, J., 1 CSCR 629, 630). Accordingly, whether the manner in which Holler executed these disciplinary measures rose to the level of extreme and outrageous conduct is a question of fact for the jury to decide. Therefore, the defendants' motion for summary judgment as to counts one, two and three is denied.
Count Four:Tortious Interference with the Plaintiff's Business Expectations
CT Page 7245
In the fourth count of the complaint, the plaintiff alleges a cause of action against Holler for tortious interference with the plaintiff's business, contractual and economic expectations. At oral argument the plaintiff represented to the court that she agreed with Holler's arguments regarding this count and that she would not pursue the count any further. Therefore, the courts grants Holler's motion for summary judgment as to count four of the complaint.
 Counts Five and Six: Breach of Contract
In counts five and six, the plaintiff alleges that a contract of continued employment existed between her and the defendants, Academic and Pelham, and that these defendants have breached this contract.
Holler avers in her affidavit that as Director of Operations, she possessed "personal knowledge as to the terms of each employee's employment relationship with Pelham and Academic, including that of the Plaintiff, Sara E. Bozzuto." According to Holler, "Ms. Bozzuto had neither a written nor an oral contract for continued employment with Pelham or Academic."
In opposition to the defendants' motion, the plaintiff argues that because the defendants renewed her contract for employment when she was a teacher for ten semesters, promoted her to a supervisor position, and then encouraged her to apply for the director's position, it was reasonable for the plaintiff to believe that she possessed a contract for continued employment. In general, an employer may terminate an employee for an indefinite term at any time with or without cause. Somers v.Cooley Chevrolet Co., 146 Conn. 627, 629 (1959). Where an express contract does not exist an implied contract of continued employment may be found between the employer and employee. SeeCoelho v. Posi-Seal International, Inc., 208 Conn. 106, 113-14
(1988) (stating that there was sufficient evidence to find that the employer and employee possessed an employment contract whereby the plaintiff could only be terminated for just cause because the employer made representations and promises to the plaintiff indicating that as long as the plaintiff properly performed his job he would not be terminated because of disagreements between his department and other departments within the corporation.). CT Page 7246
If there is no evidence demonstrating that the defendants intended to be bound by an employment contract, the court will grant the defendants' motions for summary judgment. See Wormleyv. Blue Cross and Blue Shield, Superior Court, judicial district of New Haven, Docket No. 314088 (February 22, 1996, Fracasse, J.), citing Christensen v. Bic Corp. , 18 Conn. App. 451, 457-58
(1989) (holding that if there is no evidence demonstrating that the defendant-employer intended to be bound by an employment contract, then the court should direct a verdict in favor of the employer against the employee.). Unlike Coelho v. Posi-SealInternational, Inc., supra, 208 Conn. 113-14, where the employer stated to the plaintiff that if he performed his job he would have continued employment with the corporation, the plaintiff, in this case, has not offered any evidence demonstrating that the defendants promised her continued employment or job security, or made any statements to her establishing an intention on their part to be bound by a contract of continued employment. The plaintiff's beliefs, without some evidence demonstrating the defendants' intentions to be bound by a contract, do not support a finding that a contract for continued employment existed. Absent some evidence demonstrating the defendants' intentions to be bound by a contract, a genuine issue of material fact does not exist as to whether a contract existed between the parties. Therefore, the court grants the motion for summary judgment in favor of the defendants, Academic and Pelham, on counts five and six of the plaintiff's complaint.
Samuel S. Freedman, Judge