RONALD B. KWASNIK *v.* COMMUNITY ACTION
COMMITTEE OF DANBURY, INC.
(14609)

O'Connell, Spear and Stoughton, Js.

Argued September 26—officially released December 24, 1996

*Heidi G. Winslow,* for the appellant-appellee (defendant).

*William B. Barnes,* for the appellee-appellant (plaintiff).

STOUGHTON, J. The plaintiff[1] brought an action against the defendant claiming that he had been wrongfully discharged. In the first count of his amended complaint, the plaintiff alleged that the defendant had breached an express contract of continued employment. In the second count, the plaintiff alleged breach of an implied agreement of continued employment, and in the third count, he alleged representations by the defendant concerning four years of continued employment upon which the plaintiff relied.[2] The case was tried to a jury, which returned a verdict for the plaintiff in the amount of $80,000 on the first count and a verdict

[1] On July 30, 1996, this court granted the motion of the plaintiff to substitute Frank L. Baker, executor of the estate of Ronald B. Kwasnik, as plaintiff-appellee-cross appellant.

[2] The plaintiff withdrew the fourth count, in which he alleged that the discharge violated a significant public policy of the state of Connecticut. The trial court directed a verdict for the defendant on the fifth count, which alleged that the defendant's representations were negligent. These counts are not at issue in this appeal.

for the defendant on each of the second and third counts.

The trial court denied the defendant's motion to set aside the verdict and rendered judgment for the plaintiff in the amount of $80,000. The defendant has appealed from this judgment, and the plaintiff has filed a cross appeal.

The defendant claims in its appeal that (1) the trial court improperly refused to charge the jury on the existence of the employment at will doctrine, (2) the trial court improperly charged that the defendant bore the burden of proving just cause for termination, (3) the verdict was against the evidence in light of answers to jury interrogatories, and (4) the verdict was excessive. In the cross appeal, the plaintiff claims that the trial court improperly submitted interrogatories to the jury. We agree with the defendant that the trial court should have charged the jury regarding the existence of the employment at will doctrine, and, accordingly, we reverse the judgment of the trial court.

In the first count of his amended complaint, the plaintiff alleged that in December, 1991, he was approached by the defendant and asked to leave his position as chief financial officer for a nonprofit community action development corporation to take a similar position with the defendant. The plaintiff alleged that he entered into discussions with representatives of the defendant and was told that his salary would be less than he was earning at that time, but that the atmosphere would be more relaxed and that he would be employed by the defendant for four years or until he retired. According to the plaintiff, he relied on the promise of continued employment during the four years prior to his retirement in accepting the position with the defendant, and the parties agreed that employment would be terminated only for poor work performance. The plaintiff

began work in late January, 1992, and, according to his amended complaint, was assured in March that his performance was excellent. On or about March 20, 1992, the plaintiff's employment was terminated without cause or explanation. The plaintiff claims that the actions of the defendant breached an express contract of continued employment.

The defendant answered the first count by denying all of these allegations except the allegation that the plaintiff's employment was terminated on March 20, 1992, without explanation. It denied that the plaintiff's employment was terminated without cause.

The dispositive issue in this case is whether the trial court improperly failed to charge the jury that, if it found that the plaintiff was hired pursuant to an express or implied contract of indefinite duration, the contract was terminable at will by either of the parties to it. See *Torosyan* v. *Boehringer Ingelheim Pharmaceuticals, Inc.*, 234 Conn. 1, 14, 662 A.2d 89 (1995); *Somers* v. *Cooley Chevrolet Co.*, 146 Conn. 627, 629, 153 A.2d 426 (1959). The defendant requested such a charge and, although the court was not obliged to adopt the words of the request to charge, if the evidence permitted a finding by the jury that the plaintiff was an employee at will, the defendant was entitled to have the jury instructed substantially in accordance with the request. See *Goodmaster* v. *Houser*, 225 Conn. 637, 648, 625 A.2d 1366 (1993) (court should submit to jury all issues outlined by pleadings and reasonably supported by evidence).

We conclude that the evidence permitted a finding by the jury that the plaintiff was an employee at will and that, therefore, the trial court should have charged the jury regarding the application of that doctrine. We begin by noting that under familiar principles of law, the jury was free to accept or reject some or all of the

evidence offered in the case. *Zarembski* v. *Three Lakes Park, Inc.*, 177 Conn. 603, 608, 419 A.2d 339 (1979). The jury could have believed that the plaintiff was hired pursuant to an express contract that provided for a fixed period of four years or until the plaintiff's retirement and that provided that the plaintiff's employment could be terminated only for poor performance. The jury also could have believed, however, that the plaintiff was hired under an express contract that was for an *indefinite* term, in which case the plaintiff would have been an employee at will. If the plaintiff was an employee at will, then either he or the defendant could have terminated the employment at any time with or without just cause, and the defendant was entitled to the requested instruction. *Torosyan* v. *Boehringer Ingelheim Pharmaceuticals, Inc.*, supra, 234 Conn. 14; *Somers* v. *Cooley Chevrolet Co.*, supra, 146 Conn. 629; *Boucher* v. *Godfrey*, 119 Conn. 622, 627, 178 A. 655 (1935). Because the trial court did not charge the jury regarding the employment at will doctrine, the judgment of the trial court must be reversed.

The judgment is reversed and the case is remanded for a new trial.[3]

In this opinion the other judges concurred.

---

[3] In light of the resolution of this claim, we do not consider the remaining issues raised by the defendant. We also do not consider the issue raised in the plaintiff's cross appeal, that the trial court improperly submitted interrogatories to the jury. We have determined that the judgment must be reversed in any event, and the issue is not likely to arise on retrial.