[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, G W Management, Inc., moves to strike the first, second, fifth, and sixth counts of the complaint filed by the plaintiff, Donna Simcic, for wrongful termination, breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, and intentional infliction of emotional distress, respectively.
A motion to strike "admits all the facts well pleaded; it does not CT Page 15017 admit conclusions or the truth or accuracy of opinions stated in the pleadings," Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
The complaint avers that the plaintiff, on May 2, 2000, accepted an offer of employment with the defendant. About a month later, the defendant required the plaintiff to enter into a noncompetition agreement which the plaintiff characterizes as unlawful, unenforceable, and contrary to the public policy of Connecticut because the agreement lacked consideration, was vague, overbroad, excessive in duration, exceeded the bounds of what was reasonably necessary to protect the defendant, placed unreasonable limitations on the plaintiff's ability to earn a living, and was unconscionable. The plaintiff refused to sign the agreement and was terminated for that refusal.
 I
At oral argument, the plaintiff conceded that she had an at will employment with the defendant. Generally, an at will employment entitles either the employer or employee to terminate the employment at any time for any reason, with or without justification, Krasnik v. CommunityAction Committee of Danbury, 43 Conn. App. 840, 844 (1996).
An exception to this traditional rule permits a cause of action for wrongful termination of an at will employee where the discharge "contravenes a clear mandate of public policy," Sheets v. Teddy's FrostedFoods, Inc., 179 Conn. 471, 474 (1980). This exception must be narrowly construed to avoid impairment of managerial discretion or to create unwarranted litigation, Id., 477.
Public policy may be found in constitutional or statutory provisions or in judicially conceived notions, Daley v. Aetna Life and Casualty Co.,249 Conn. 766, 798 (1999). Not every violation of public policy is substantial enough to overcome the general rule regarding at will employment, Burnham v. Karl and Gelb, P.C., 252 Conn. 153, 158 (2000). The employer's impropriety must derive from an "important violation of public policy," Id. Even violations of a statute may be insufficient to allow a suit for wrongful termination, Sheets v. Teddy's Frosted Foods,Inc., supra, 480.
If every violation of every public policy were to be recognized as permitting a lawsuit under the Sheets case, supra, the general rule of nonliability for groundless termination of at will employees would be subsumed by this exception. Indeed, it is the statutorily pronounced public policy of this state to reduce unemployment, General Statutes § 31-3a(a). Every discharge of any at will employee would violate that public policy. The appellate case law wisely admonishes that only CT Page 15018 certain important violations of public policy will form the basis for a cause of action under the Sheets case, supra.
In the present case, the plaintiff relies on a purported breach of the public policy promoting free trade as announced in the case of SamuelStores, Inc. v. Abrams, 94 Conn. 248 (1919). In that case, our Supreme Court held that noncompetition clauses in an employment contract are void unless reasonably necessary to protect the employer's business and the contract to be performed, Id., 252 and 253.
The question before this court, therefore, is whether the public policy concern recognized in Samuel Stores, Inc. v. Abrams, supra, is so important as to fall within the narrow exception permitting wrongful termination actions under the Sheets case, supra. The court concludes that it is not.
Many of the leading cases interpreting the Sheets exception to the at will employment rule involve, as did Sheets itself, a risk to physical harm to the employee or the public, see e.g. Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 582 (1997); and Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 79 (1997); or a violation of an express statutory prohibition, see e.g. Lockwood v. Professional WheelchairTransportation, 37 Conn. App. 85, 94 (1995).
The public policy justifying the voiding of overly restrictive noncompetition clauses in the Samuel Stores, Inc. case, supra, was the promotion of free trade. In the eighty-one years since that case was decided, the legislation has never adopted or codified that holding. It is not a crime to include such a provision in an employment agreement. Indeed, noncompetition clauses are lawful as long as reasonable, NewHaven Tobacco Co. v. Perrelli, 11 Conn. App. 636, 638 (1987).
Later cases, such as New Haven Tobacco Co. v. Perrelli, supra, have enumerated factors bearing on the reasonableness of such contract clauses, such as (1) the length of time the provision will be effective; (2) the geographic area encompassed; (3) the degree of protection afforded the employer; (4) the degree of interference to the employee's ability to pursue an occupation; and (5) the potential impact on free trade, Id.
These considerations emphasize a balancing of private, economic consequences as much as a concern with the general effect noncompetition clauses may have on the economy at large. Unlike the cases which have been recognized to fall within the Sheets exception to the rule of nonliability, no individual, except for the employee, or class of individuals is discernibly and negatively affected by the operation of CT Page 15019 noncompetition provisions. The public policy protected by voiding unreasonable noncompetition agreements is the general business climate benefitted by the atmosphere of free trade.
As noted above, exception to the traditional rule pertaining to at will employment is a narrow one designed to minimize interference with managerial discretion and to discourage unwarranted litigation, Sheetsv. Teddy's Frosted Foods, Inc., supra, 477. To permit legal actions for wrongful termination of at will employees based on refusals to sign noncompetition agreements strikes at the core of the employment relationship and would impair managerial decisions regarding confidentiality, security, and investment in the hiring and training of employees.
An employee faced with a demand to sign an unreasonable noncompetition agreement as a condition of continued employment has alternatives available. The employee can sign the agreement and bring a declaratory judgment action to test its enforceability. The employee can sign the agreement and ignore it, compelling the employer to demonstrate reasonableness.
Because the exception to the general rule of nonliability for termination of at will employees is a narrow one; the public policy promoting free trade protects the economy at large and not identifiable individuals or groups from specific harm; permitting actions for wrongful termination based on refusal to sign unenforceable noncompetition agreements would foment litigation and impair managerial discretion; and the employee has other recourse available to void unreasonable provisions, no exception under the Sheets case, applies to the allegations of the first count of the complaint. The motion to strike is granted as to that count.
 II
The second count of the complaint reiterates the allegations of the first count and claims a breach of the implied covenant of good faith and fair dealing. In Doherty v. Sullivan, 29 Conn. App. 736 (1992), the Appellate Court held that, although the doctrine of an implied covenant of good faith and fair dealing applies to at will employment contracts, the essence of the doctrine is the fulfillment of the reasonable expectations of the parties including the expectation that the at will employee may be terminated at any time without cause, Id., 742 and 743. The Appellate Court ruled, therefore, that no breach of this implied covenant occurs unless the termination comes within the exception to nonliability created by the Sheets case, supra, i.e. a breach of the implied covenant is coextensive with the principles of liability for wrongful discharge set CT Page 15020 forth in the Sheets case, supra.
Because the court, in section I of this memorandum, has determined that the allegations in the complaint are insufficient to establish a cause of action for wrongful discharge under the Sheets case, supra, the second count is, a priori, also insufficient to establish a cause of action for breach of the implied covenant of good faith and fair dealing. The motion to strike is granted as to the second count.
 III
The court addresses the fifth and sixth counts together. These counts allege claims of negligent and intentional infliction of emotional distress, respectively.
Mere wrongful termination of employment, even accompanied by wrongful motivation, fails to create a cause of action for negligent or intentional infliction of emotional distress, Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 88 (1997); Pavliscak v. BridgeportHospital, 48 Conn. App. 580, 598 (1998). It is the untoward manner or process of termination rather than the fact of wrongful termination which constitutes negligent or intentional infliction of emotional distress in the employment context, Id.
Paragraph 21 of both the fifth and sixth counts specifies the misconduct of the defendant which the plaintiff contends supports her claim of negligent or intentional infliction of emotional distress. That paragraph states that the defendant "knew or should have known that its conduct in wrongfully terminating [the plaintiff] presented a substantial risk of inflicting upon her emotional distress . . . ." Clearly, these counts fail to state a viable cause of action because the source of the emotional distress alleged is the fact of wrongful termination and not some misconduct in the process which effected the decision to terminate.
The motion to strike is granted as to the fifth and sixth counts, also.
Sferrazza, J.